UNITED STATES DISTRICT COURT
District of Massachusetts

DOCKET NO.:

| |
|---|
| MICHAEL DEVINE,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF HULL, TOWN OF HULL SCHOOL COMMITTEE, DAVID TWOMBLY, STEPHANIE PETERS, JENNIFER FLEMING, LUCAS PATENAUDE, and ERIC HIPP, each in their capacity as members of the Town of Hull School Committee,<br><br>Defendants. |

## COMPLAINT

### I. INTRODUCTION

This is a complaint which alleges, <u>inter alia</u>, discrimination based on sexual identity/preference, a breach of contract, defamation, and violations of the United States and Commonwealth of Massachusetts Constitutions. The statutory requirements of M.G.L. c. 151B, §9 and the Massachusetts Commission Against Discrimination (MCAD) have been complied with in all respects.

### II. PARTIES

1. Michael Devine is a resident of Marshfield, Plymouth County, Commonwealth of Massachusetts.

2. The Town of Hull is a duly enacted government entity and is a political subdivision of the Commonwealth of Massachusetts.

1

3. The Town of Hull School Committee is a duly enacted governmental entity and is the operational arm of the Town of Hull for the Hull Public Schools.

4. David Twombly, Stephanie Peters, Jennifer Fleming, Lucas Patenaude and Eric Hipp are, or were, individual members of the Hull Public School Committee during the complained of offense. All the actions of Defendants were while acting under color of State law.

### III. FACTUAL ALLEGATIONS

5. On or about August 2, 2017, Michael Devine was appointed Superintendent of the Hull Public Schools. Prior to said appointment, Mr. Devine was employed as an Administrator and Principal by the Hull Public Schools.

6. Due to exemplary performance reviews of Mr. Devine, the School Committee extended the term of Mr. Devine's contract on two occasions. The most recent contract dated September 18, 2019, extended Mr. Devine's term as Superintendent to June 20, 2023.

7. In or around September 2019, a 21 year old individual, Ryan Hauter, who formerly attended Hull Public Schools, contacted a school official, Andrea Centerrino, and informed her that he had recently been texting with Mr. Devine.

8. At the time of the texting, Mr. Hauter resided in Florida and was no longer subject to the rules and regulations of the Hull Public School system or affiliated in any manner with the Town of Hull.

9. Mr. Hauter informed Ms. Centerrino that he initiated the text communications with Mr. Devine. There is no evidence to the contrary.

10. The communication with Mr. Hauter was strictly through text exchange with no in person contact.

11. Mr. Hauter, in one of his texts, stated he "loved" Mr. Devine.

12. Despite consensual text exchanges being between two adults, having nothing to do with the Hull Public Schools or Mr. Devine's duties and responsibilities as Superintendent, Ms. Centerrino chose to inform a school official, Nicole Nosek, of her conversation with Mr. Hauter.

13. Despite simple text exchanges between two adults (Hauter and Devine), the Town of Hull engaged the services in early February 2020 of John Guilfoil Public Relations, LLC (hereinafter "Guilfoil"), to "investigate" the exchange.

14. Guilfoil is a self-described "full service communications consultancy and public relations agency that provides media relations …". Guilfoil does not describe itself as having any experience in investigations involving municipalities or conduct in violation of teacher-student policies therein.

15. Despite having no investigative experience, as described above, Guilfoil, through its appointed representative, conducted an investigation into the texts between the two adults.

16. At some point between September 2019 and February 2020, prior to the completion of the Guilfoil investigation, the Town of Hull suspended, without justifiable cause, Mr. Devine and issued press releases stating that the suspension was for "personal misconduct". This subjected Mr. Devine to a whispering wonderment among Hull citizens as to what exactly Mr. Devine did wrong. Further, the Town of Hull made a criminal referral to the Hull Police

3

Department regarding the texts. The Hull Police Department found that there was no criminal offense to investigate.

17. There is no evidence that Mr. Devine acted inappropriately or engaged in personal misconduct toward any student while they were a student of the Hull Public Schools.  Further, there is no evidence that any of the contact between Mr. Devine and former students was inappropriate.

18. Mr. Devine is gay.  Around the time of the Guilfoil investigation, a school committee member inquired whether Mr. Devine was gay.

19. Notwithstanding the fact that one's sexual orientation is a protected right, the Guilfoil investigation continued

20. Further, in the course of the Guilfoil investigation, a school committee member stated to Mr. Devine that he is giving the "gay cause" a bad name by his interaction with Mr. Hauter, the 21 year old adult.

21. There are a multitude of incidents where a Hull Public School employee has communicated, by various means with former students who were adults without the termination of their contract, including notably by a female employee with Hauter.

22. On information and belief, the Town of Hull did not undertake any investigations or disciplinary proceedings as a result of these communications which were between heterosexuals.

23. At some point Guilfoil issued its investigatory report titled "Administrative Review, Conduct of the Superintendent Prepared for Hull Public Schools". The report was not dated.

24. Despite repeated requests for a copy of the report by Mr. Devine's then legal representative, a copy of same was not provided in a timely manner prior to an administrative hearing.

25. As a result, Mr. Devine was not afforded a meaningful opportunity to address the charge of inappropriate or personal misconduct with an adult who was a former student.

26. As a result of the conclusions drawn by the investigative report, Mr. Devine received a Notice of Intent to Terminate Employment. A termination hearing was scheduled and held on April 28, 2020. During the hearing, the Hull Public School Committee members refused to answer any questions from Mr. Devine's attorneys regarding the investigation, the underlying facts supporting their intent to terminate or the contents of the report.

27. The Guilfoil report based its conclusions on the following documents:
    a. Hull Public Schools' Staff-Student Relations Policy;
    b. Hull Public Schools' Sexual Harassment Policy;
    c. Hull Public Schools' Staff Complaints and Grievances Policy;
    d. Hull Public Schools' Public Complaints Policy; and
    e. Hull Public Schools' Bullying Policy.

28. In addition, the report cited the: a) American Association of School Administrators and b) Massachusetts of School Administrators policies.

29. Of note is the fact that none of the cited documents govern conduct between an educator and an adult who happened to have been a student years earlier.

30. The chief investigator for Guilfoil Investigations, Gregory J. Foley Sr., somehow and somewhat incredulously concluded that a school committee has authority and jurisdiction over a consensual relationship between two

adults, one of whom who was no longer associated in any capacity with the Town of Hull.

31. On April 28, 2020, the School Committee voted 5-0 to terminate Mr. Devine's 2019 contract as Superintendent.

32. As a result of the concerted actions by the Defendants, Mr. Devine has been forever labelled with a scarlet letter of personal impropriety thereby denying him any meaningful future employment in his chosen profession.

33. As a proximate result of all of the above, Mr. Devine has suffered a deprivation of his chosen profession, consequential damages from breach of contract, emotional distress, a pecuniary loss and the interference with his guaranteed rights pursuant to the United States and Massachusetts Constitutions.

## COUNT I – VIOLATION OF CIVIL RIGHTS
## (42 USC § 1983 and 1985 and Article 16 of the Massachusetts Declaration of Rights)

34. Paragraphs 1-33 are incorporated herein as if fully set forth herein.

35. The First Amendment to the United States Constitution provides that "Congress shall make no law… abridging freedom of speech…" U.S. Const. Amend I.

36. The Fourteenth Amendment to the United States Constitution provides that no State may deprive persons of liberty without due process of law.

37. The Defendants, a municipality and certain municipal officials named in their individual capacities, are bound by the First and Fourteenth Amendments.

38. Acting with personal hostility to Plaintiff, the Defendants caused Plaintiff to be subjected to a deprivation of his constitutional rights.

39. Plaintiff's rights are secured and guaranteed by the United States Constitution and the laws of the United States and the Commonwealth of Massachusetts.

40. The Defendants purposefully discriminated against Plaintiff due to his sexual orientation and preference.

41. The Defendants' conduct was knowing and reckless.

42. The conduct of the Defendants both individually and in concert with others reflect a gross abuse of power and has individually discriminated against and deprived Plaintiff the right to exercise and enjoy rights, privileges and immunities afforded all individuals regardless of sexual orientation or preference.

43. In depriving Plaintiff of the rights secured by the U.S. Constitution and the laws thereunder, the Defendants acted so as to intimidate, threaten and coerce Plaintiff.

44. The Defendants' actions collectively and individually violate the following civil rights of Mr. Devine:

    a) Freedom of Speech and Freedom of Association as guaranteed pursuant to the United States and Massachusetts Constitutions;

    b) The right to Due Process under the law guaranteed by the Fourteenth Amendment;

    c) The right of sexual preference without consequence;

    d) The Equal protection clause of the Fourteenth Amendment;

e) Violations of Title VII of the Civil Rights Act of 1964.

45. The Defendants' actions were intentional, malicious, willful, wanton, obdurate and in gross and reckless disregard of Plaintiff's constitutional rights.

## COUNT II – BREACH OF CONTRACT

46. Paragraphs 1-45 are incorporated herein as if fully set forth herein.

47. On or about September 18, 2019, Mr. Devine and the Hull School Committee executed a contract which appointed Mr. Devine as Superintendent of the Hull Public Schools. The term of the contract was July 1, 2019 through June 30, 2023.

48. The contracted compensation for the first year was $173,400.00. The compensation was to be adjusted in each subsequent year beginning on July 1, 2020.

49. The Defendants breached the contract with Mr. Devine by terminating the contract without legal cause.

## COUNT III - DEFAMATION

50. Paragraphs 1-51 are incorporated herein as if fully set forth herein.

51. The Defendants' actions have caused Mr. Devine to be defamed, held up to ridicule and have affected Mr. Devine's ability to be gainfully employed in his chosen profession.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Paragraphs 1-51 are incorporated herein as if fully set forth herein.

53. The Defendants' outrageous actions constitute an intentional infliction of severe emotional distress upon Mr. Devine.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. Paragraphs 1-53 are incorporated herein as if fully set forth herein.

55. The Defendants' actions constitute a negligent infliction of severe emotional distress upon Mr. Devine.

## COUNT VI – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

56. Paragraphs 1-55 are incorporated herein as if fully set forth.

57. The Defendants' actions in breaching the contract in bad faith failed to fairly act towards Plaintiff in their actions.

## COUNT VII– VIOLATION OF M.G.L. C. 151B

58. Paragraphs 1-57 are incorporated as if fully set forth herein.

59. The Defendants' actions unlawfully discriminated against Plaintiff in his employment due to his sexual orientation.

## COUNT VIII– INTERFERENCE WITH ADVANTAGEOUS ECONOMIC RELATIONS

60. Paragraphs 1-59 are incorporated as if fully set forth herein.

61. The conduct of the Defendants' as alleged herein has acted to deprive Plaintiff and interfere with Plaintiff's advantageous and economic relations.

62. Defendants' actions have actually and proximately caused and continue to cause Plaintiff damages.

WHEREFORE, the Plaintiff prays for judgment on all counts for compensatory and punitive damage under all applicable law including pre-and post-judgment interest,

reasonable costs and attorney fees and such other relief as the law may allow that the Court deems just and proper.

THE PLAINTIFF CLAIMS A RIGHT TO A JURY TRIAL ON ALL COUNTS.

Plaintiff, Michael Devine,
By His Counsel,

_____
India L. Minchoff, Esq. (652456)
Emma S. Funnell, Esq. (704217)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
Telephone 617/740-7340
Facsimile 617/740-7310
india@russominchofflaw.com
emma@russominchofflaw.com

_____
Stephen J. Kuzma, Esq. (547522)
100 High Street, 11th Floor
Boston, MA 02110
617/338-3020 telephone
617/426-2102 facsimile
koozlaw@juno.com