UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:21-cv-11230-DPW

| | |
|---|---|
| MICHAEL DEVINE,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF HULL, TOWN OF HULL SCHOOL COMMITTEE, DAVID TWOMBLY, STEPHANIE PETERS, JENNIFER FLEMING, LUCAS PATENAUDE, and ERIC HIPP, each in their capacity as members of the Town of Hull School Committee,<br><br>    Defendants | PARTIES JOINT STATUS REPORT |

The Parties submit the following joint status report:

1. Fact discovery in this matter is complete except for two (2) depositions that Plaintiff noticed prior to the close of the discovery deadline: Former State Trooper Foley and a former student.

   Plaintiff states as follows:

   a) Despite due diligence, Plaintiff has not been able to take the depositions of two critical witnesses: a former student and Gregory Foley, Sr.

   b) The former student of Hull High School contacted Plaintiff and exchanged text messages with Plaintiff, which gave rise to an investigation of Plaintiff. The investigation resulted in a lengthy report authored by Gregory Foley, Sr. The report was utilized as a basis for the termination of Michael Devine as the Superintendent of Public Schools for the Town of Hull.

   c) The former student appeared for his duly noticed deposition at the undersigned's law office on August 1, 2022. Counsel for all parties were present. The former student, upon seeing Plaintiff, cursed at Mr. Devine and stormed out of the conference room, refusing

      to answer any questions and left the premises. Plaintiff will seek a court order to compel the former student to appear at a deposition and answer questions.

d)  Plaintiff seeks to depose Gregory Foley, Sr. as the author and sole investigator of the above-described report. Obviously, there are multitude of questions that Plaintiff anticipates that he will make inquiry upon.

e)  Mr. Foley was originally served with a Subpoena for his deposition on April 25, 2022. Shortly before the date for his deposition, Mr. Foley contacted Plaintiff's counsel's office to advise that he was unavailable on the noticed date as he was recovering from a medical procedure. Under the circumstances, Plaintiff's counsel agreed to select an alternative date, to be scheduled after the period of recovery which Mr. Foley stated he would require (approximately three months).

f)  In July, 2022, Plaintiff's counsel attempted to contact Mr. Foley, but did not receive a return call from him.

g)  Thereafter, on three occasions, Plaintiff's process server attempted to make in hand delivery of a Subpoena on Mr. Foley, at his home. However, in-hand service was not effectuated; instead, the Subpoena and notices of deposition were left at his front door as no one answered Mr. Foley's door.

h)  In addition, Plaintiff's counsel called Mr. Foley on two additional occasions and left voicemail messages regarding his deposition. To date, Mr. Foley has not returned any of the telephone messages left for him and, further, he did not appear on the date for his deposition as noticed in the Subpoena dated July 12, 2022.

i)  Based on the above and the report of Plaintiff's process server that there appeared to be activity at Mr. Foley's home, it is believed that Mr. Foley, a former Massachusetts State Police Officer, is avoiding service.

j)  As stated above, both the former student and Mr. Foley are critical witnesses.

Defendants state as follows:

Defendants do not adopt the statements set forth above regarding the reason for and the characterization of the former student's leaving the in-person deposition. The former student was visibly emotionally upset at seeing Plaintiff and after sitting in the conference room with Plaintiff for several minutes, left the deposition and the premises. If the Court grants an order requiring the former student to attend deposition, Defendants

2

respectfully request that the order include that Plaintiff not be physically present at the deposition or visible if the deposition is conducted remotely out of concern for the former student's mental health. Defendants also do not believe that the two depositions that remain are critical, but do not object to the extension of time until October 31, 2022 for Plaintiff to conduct the depositions.

2. The Parties agree and request that the Scheduling Order be modified to provide the following:

   a. Plaintiff will conduct the two remaining depositions by October 31, 2022. The Parties agree that Plaintiff will not attend the deposition of the former student in person, but will instead be present virtually and will be off camera.

   b. Expert discovery: Plaintiff's expert disclosure to be provided no later than November 14, 2022. Defendant's expert disclosure to be provided no later than December 16, 2022. Expert discovery to be completed by January 20, 2023.

3. Motions for summary judgment filed by February 17, 2023.

WHEREFORE, the Parties respectfully request that the Court amend the scheduling order as set forth above.

Respectfully Submitted,

DEFENDANTS
TOWN OF HULL, et al.
By its attorneys,

*/s/ Deborah J. Ecker*
Deborah I. Ecker (BBO# 554623)
KP Law, PC
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
decker@k-plaw.com

3

                PLAINTIFF
                By his attorney,

                /s/ India L. Minchoff
                India L. Minchoff, Esq. (652456)
                Law Offices of Russo & Minchoff
                123 Boston Street, 1st Floor
                Boston, MA 02125
                617/740-7340 (telephone)

Dated:  September 14, 2022

830401/60700/1163

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing, *Parties Joint Status Report* by electronic mail to the following counsel of record:

                India L. Minchoff, Esq.
                Law Offices of Russo & Minchoff
                123 Boston Street, 1st Floor
                Boston, MA 02125
                india@russominchofflaw.com

Dated:  September 14, 2022                /s/ Deborah J. Ecker
                                            Deborah I. Ecker, Esq.