UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:21-cv-11230-DPW

| | |
|---|---|
| MICHAEL DEVINE,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF HULL, TOWN OF HULL SCHOOL COMMITTEE, DAVID TWOMBLY, STEPHANIE PETERS, JENNIFER FLEMING, LUCAS PATENAUDE, and ERIC HIPP, each in their capacity as members of the Town of Hull School Committee,<br><br>    Defendants | DEFENDANTS' MOTION FOR <u>SUMMARY JUDGMENT</u> |

Plaintiff's ("Plaintiff" or "Devine") Complaint arises from the termination of his employment as Superintendent of the Town of Hull Public Schools. In his eight count Complaint, Plaintiff brings claims against Defendants the Town of Hull, Town of Hull School Committee, David Twombly, Stephanie Peters, Jennifer Fleming, Lucas Patenaude, and Eric Hipp, each in their capacity as members of the Town of Hull School Committee (collectively "Defendants" or "School Committee") alleging that by terminating his employment, Defendants breached Plaintiff's contract of employment with the School Committee, violated his right to due process, free speech and freedom of association under the United States Constitution and the Massachusetts Declaration of Rights, and discriminated against him based on his sexual orientation. In addition, Plaintiff brings several common law claims against Defendants, including a claim for defamation.

All of Plaintiffs claims against Defendants must be dismissed because based on the undisputed material facts, Defendants' decision to terminate Plaintiff's employment was not arbitrary, irrational, unreasonable in bad faith or irrelevant and was not based on Plaintiff's sexual orientation. Instead, after a former student contacted a School Committee Member alleging that Plaintiff had engaged in what he believed to be an upsetting and inappropriate exchange of text messages with him, Hull Public Schools retained an investigator to investigate the allegations and only after the conclusion of the investigation, provided Plaintiff with a notice of intent to terminate his employment and opportunity for a meeting before the Hull School Committee in order to respond.  Based on the information contained in the investigation report and information the School Committee Members learned at prior meetings from Plaintiff himself, the School Committee voted to terminate Plaintiff's employment.  There is no evidence to show that the School Committee's decision to terminate Plaintiff's employment was based on anything other than Plaintiff's own poor judgment.

As further grounds for their Motion, Defendants rely upon their memorandum of law filed herewith.

      Respectfully Submitted,

DEFENDANTS
TOWN OF HULL, et al.
By its attorneys,

*/s/ Deborah J. Ecker*

Deborah I. Ecker (BBO# 554623)
KP Law, PC
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
decker@k-plaw.com

Dated:  February 14, 2023
850236/60700/1163

**Certificate Of Compliance With L.R. 7.1(A)(2)**

Pursuant to Local Rule 7.1(A)(2) of the United States District Court for the District of Massachusetts, I hereby certify that I spoke with Plaintiff's Counsel on February 13, 2023, who did not agree to the Defendants' Motion for Summary Judgment.

*/s/ Deborah J Ecker*
Deborah I. Ecker, Esq.

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendants' Motion for Summary Judgment,* by electronic mail and first class mail, postage prepaid, to the following counsel of record:

| | |
|---|---|
| India L. Minchoff, Esq.<br>Emma S. Funnell, Esq.<br>Law Offices of Russo & Minchoff<br>210 Union Wharf<br>Boston, MA 02109<br>india@russominchofflaw.com<br>emma@russominchofflaw.com | Stephen J. Kuzma, Esq.<br>P.O. Box 51926<br>Boston, MA 02205<br>SJKuzmalaw@gmail.com |

Dated: February 14, 2023

*/s/ Deborah J Ecker*
Deborah I. Ecker, Esq.