UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:21-cv-11230-DPW

| | |
|---|---|
| MICHAEL DEVINE,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF HULL, TOWN OF HULL SCHOOL COMMITTEE, DAVID TWOMBLY, STEPHANIE PETERS, JENNIFER FLEMING, LUCAS PATENAUDE, and ERIC HIPP, each in their capacity as members of the Town of Hull School Committee,<br><br>    Defendants | DEFENDANTS' LIMITED REPLY TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

    In Plaintiff's Statement of Material Facts in Support of Opposition to Defendants' Motion for Summary Judgment ("SOF"), Plaintiff alleges that the "Defendants are aware of an incident wherein a female teacher in Hull Public High School system was engaged in an intimate public display of affection with a male former student", that the incident was reported to the Assistant Principal of the Hull High School," that the "former student is the son of a Hull Selectperson," and that "Hull School Committee member, Stephanie Peters was informed of the incident." SOF, ¶¶ 137-142. Plaintiff supports these statements with his own affidavit and a text exchange he had with a current Hull High School employee, Tara Grosso. SOF, Exhibit 52. Conspicuously absent from Plaintiff's SOF and supporting affidavit is the date the alleged incident occurred and any evidence to support that the incident did in fact occur or that School Committee Member Peters had knowledge of its occurrence.

    It is Defendants understanding that the incident referenced was <u>rumored</u> to have occurred in the summer of 2018, when Plaintiff was the Superintendent of Schools. While Defendants as

Members of the School Committee have no authority to discipline a teacher pursuant to state law and whose terms and conditions of employment are governed by a collective bargaining agreement, Defendant School Committee Member referenced in Plaintiff's SOF, has no actual information about the incident's occurrence other than the circulated rumors.

The issue only arose recently, because the Defendant School Committee Member's daughter was upset with the teacher who was allegedly involved in the incident. The School Committee Member's daughter was overheard telling her friend that she knew something about the teacher that could get her fired, or words to that effect. The school employee who overheard the conversation, Tara Grasso, reported the student for having made the comment, leading to the student having to go before the National Honor Society and face potential discipline. The student was <u>NOT</u> disciplined for making the comment to her friend. There was never any allegation that the daughter of the School Committee Member had any actual information about the incident.

Ms. Grasso's disclosure of the information regarding the student not only is inaccurate, or at best not complete, but it breaches the confidentiality requirements afforded such student information. See, 20 U.S.C., § 12329 the Family Education Rights and Privacy Act (FERPA) and related regulations 34 CFR, § 99; and G.L. c. 71, § 34D, and related regulations 603CMR 23.00. Plaintiff's inclusion of the student's name in his filings with the Court is a potential violation of those same statutes and is an abhorrent attempt to use the School Committee Member's daughter to get back at the School Committee Member who voted to terminate his employment.[1]

Plaintiff's inclusion of hearsay statements in his Affidavit and his use of student's name and confidential information should not be condoned, particularly here where the information

---

[1] Plaintiff has agreed to redact the student's name. Plaintiff's SOF and Affidavit should be deleted from the document and a redacted version refiled – if Plaintiff still intends to include such information in his opposition.

included in the SOF and Affidavit is an attempt to mislead the Court that there was a recent or even prior incident involving a teacher and former student that the School Committee Member was aware of and took no action. Even if the School Committee Member was aware of a prior incident involving a teacher and former student for which no action was taken by the Principal or Superintendent, the School Committee has no authority to take action against a teacher pursuant to state law. Any such discipline is in the purview of the Principal subject to state law and the applicable collective bargaining agreement. This is in contrast to the School Committee's authority to take action against Plaintiff as the Superintendent of Schools, who was not a union member, was not subject to a collective bargaining agreement, but rather could be terminated for "just cause" as that was defined in his employment contract.

Wherefore Defendant's request that the Affidavit and any reference to the student or purported incident be stricken and that if not stricken, that the student's name be redacted from the Court's electronic filing system.

Respectfully Submitted,

DEFENDANTS
TOWN OF HULL, et al.
By its attorneys,

*/s/ Deborah J Ecker*
Deborah I. Ecker (BBO# 554623)
KP Law, PC
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
decker@k-plaw.com

Dated: April 7, 2023

856735/60700/1163

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendants' Limited Reply to Plaintiff's Statement of Material Facts in Support of Opposition to Defendants' Motion for Summary Judgment* by electronic mail to the following counsel of record:

| | |
|---|---|
| India L. Minchoff, Esq.<br>Emma S. Funnell, Esq.<br>Law Offices of Russo & Minchoff<br>210 Union Wharf<br>Boston, MA 02109<br>india@russominchofflaw.com<br>emma@russominchofflaw.com | Stephen J. Kuzma, Esq.<br>P.O. Box 51926<br>Boston, MA 02205<br>SJKuzmalaw@gmail.com |

Dated: April 7, 2023

_____
Deborah I. Ecker, Esq.